Marvin, J.
This case comes into this court by appeal.
The purpose of the suit on the part of the plaintiffs is to have their title in certain real estate described in the petition, quieted as against the defendant.
The facts, as shown by the pleadings and the evidence, are: that the plaintiffs are in possession of the real estate, the title to which is involved; and that they are the owners in fee simple of such real estate, except as the same may be affected by the rights of the defendant.
The taxes upon said premises for the years 1893, and 1894 were delinquent, and for that reason such premises were duly advertised and offered for sale at delinquent tax sale by the treasurer of the county, and were purchased a-t such sale by the defendant on the 5th day of February, 1895, a-certificate of such sale being then issued to him. More than two years thereafter said premises not having been redeemed, a deed of the premises was executed by the *321 county auditor and delivered to the defendant on the 16th day of December, 1897; the defendant having paid the taxes and¡penalty|for¿1893 and the taxes for 1894, the time of said tax sale, and thereafter as well as before the date of said deed, having paid the taxes upon the premises for the years 1895, 1896 and 1897. Since the date of said auditor’s deed tbe defendant has paid taxes upon said premises for the year 1898, the amount of such payment being 131.46, and the payment having been made on the 5th day of December, 1898.
In the month of February, 1896, these plaintiffs commenced an action in the court of common pleas of this county against H. G. Burke and Clara Newman, setting up their ownership of these premises, and averring that each of the defendants in that action claimed an interest in the premises, and praying that their title in the premises might be quieted.
The interest claimed by Newman was by reason of a mortgage executed and delivered to her by one Joseph Desnoyers, who claimed to be, at the time of the execution of said mortgagae, the owner of said premises.
This claim of Newman was set up by her in an answer and cross-petition filed in the case'last named, and upon her motion the defendant in this action Was made a party defendant, and in her said cross-petition the said Newman made the following averment: “That the defendant, L. T. Dennison, claims to own the tax-title of said premises,’’ ■and she prayed that he be required to answer, setting up his claim “to or in said premises, and in default thereof” that he be forever barred,
Summons was issued upon such cross-petition for said Dennison and duly served upon him.
To this cross petition, the defendant Dennison filed no answer or other pleadings of any sort.
Upon the trial of that action, the defendant Newman was found to have no interest in the premises.
The case was appealed to this court and, upon trial here, this court, on the 7th day of February, 1898, entered a ■ decree finding the issues with the plaintiffs, and saying, ,among other things, as to the premises, as follows:
“And the same are hereby quieted as against the de *322 fendants and each one of them and all persons claiming under them, or any of them * * * and said defendants and each and every one of them and all persons claiming under them, are hereby forever enjoined from setting up any claim to said premises, or any part thereof, adverse to the title and the possession of said plaintiffs thereto, or in any manner interfering with their use and enjoyment of the same. ”
On the part of the plaintiffs here, it is. urged that this decree, which stands unrevers.ed, is a complete bar to any claim existing at the time of the entering of said decree, which the defendant can now make in said premises, While, on the other hand, it is urged that as the plaintiffs in the former action did not make the defendant in this action a party and claimed no relief against him, such decree is not a bar as to him; so that we have the question before us as to the effect of this decree upon the defendant Dennison.
In 2nd Black on Judgments, section 667, this language is used:
“In an action to quiet title, all matters affecting the title of the parties to the action may be litigated and determined, and the judgment therein is final and conclusive,”'
Section 610 of the same work uses this language:
“It appears to be the generally accepted doctrine, that the judgment of a court of competent jurisdiction is conclusive as to all questions within the issue, whether formally litigated or not, ”
The authorities cited in support of the sections quoted fully sustain the text.
In the case of the Covington & Cincinnati Bridge Company v. Lemuel H. Sargent, found in 27 Ohio St. Reports, begnning on page 233, the first clause of the syllabus reads:
“In a judicial proceeding in a court of record where the party is called upon to make good his cause of action or establish his defense, he must do so by all the proper means within his control, and, if he fails in that respect purposely or negligently, he will not afterwards be permitted to deny the correctness of the determination, nor to relitigate the same matters between the same parties.”
And on page 238 of the opinion, the court quotes, with *323 approval, this language from 1st Johnson’s Cases, 492, “The general principle that the judgment or decree of a court possessing competent jurisdiction, shall be final as to the subject matter thereby determined is conceded by both sides, and can admit of no doubt. The principle, however, extends further. It is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. The reasons in favor of this extent of the rule appear to me satisfactory. They are found in the expediency and propriety of silencing the contention of parties and of accomplishing the ends of justice by a single and speedy decision of ail their rights. If is evidently proper to prescribe some period to controversies of this sort, and what period can.be more fit and proper than that which affords a full and fair opportunity to examine and decide all their claims. The extent of the rule can impose no hardship; it requires no more than a reasonable degree of vigilance and attention. A different course might be dangerous, and often oppressive. It might tend to unsettle all the determinations of law, and open a door for infinite vexation. This reasoning is founded in good sense, and supported by the weight of authority.”
From these authorities, and others quoted from in the plaintiff’s brief, and numerous others which might be cited, we hold that the decree in the former case is a bar to any claim which the defendant in the present action might have made in that case. And there can be no doubt that he might have made the claim there which he makes here. True, the plaintiffs in that action did not make him a party, but they averred that they were the owners in fee simple of the premises in question. This defendant was made a defendant in that action, as has already been said, upon a motion of one of the original defendants, but, having been served with summons, if he claimed any right in the premises, diligence would have required of him to examine the pleadings which had been filed. Such an examination would have disclosed to him this claim of the plaintiffs that they were the owners in fee simple. If that claim were true, he had no lien upon the premises. This, then, was, in fact, a challenge of any lien which he might claim. Having failed *324 to answer such challenge in that action, it is too late for him now to answer it.
The court has not overlooked the case of Parmenter v. Malinda Binkley, found in the 28th Ohio St., page 32, which was an action brought by Parmenter to quiet title as against Mrs. Binkley. A decree in a former case was set up as a defense in that action. It is clear from the opinion, however, that, though Mrs. Binkley was made a defendant in that action by the plaintiff in an amended petition, there was no averment in the petition which challenged her right of dower in the premises. Such right was challenged, however, by an answer tiled by Peter Pace. No process was issued for her upon this cross-petition, so that she was never called upon to answer it; and the court, in the opinion on pagQ 35, in speaking of this matter, use this language:
“If this Peter Pace’s answer had been a cross-petition making Malinda Binkley a party to it; had it contained the proper averments asking judgment, sale, and that she be foreclosed of her rights, and had she appeared and answered to such cross-petition; or if process had issued irregularly, making her a party to such cross-petition, and she had failed to answer, it might, perhaps, be difficult to hold that she was not barred.”
The decision in this case does not seem to us in any wise to militate against the conclusion to which we have arrived in the case under consideration.
Another question is raised in the case, growing out of the payment by the defendant of the taxes for 1898.
At the time of such payment the former case was pending in the supreme court of the state. The judgment of this court has since been affirmed by that court; but the defendant still claimed to be the owner or have rights in the premises by reason of his tax deed, and could not then know what the result of the case in the supreme court would be.
In the case of Nowler et al. v. Coit, found in the 1st Ohio St. Reports, beginning on page 519, the court in its opinion on page 523, use this language:
“The amount paid for taxes stands upon a very different ground. These were chargeable by law upon the land, and *325 the payment was a direct benefit to the plaintiffs. It was their duty to pay; in case they failed to do this, the land was liable to be sold for taxes. They have derived a benefit form the payment, and, in equity, ought to refund the money. In one sense, the defendant is a mere volunteer in making the payment; but, when the owner of the land in such case omits to pay taxes as they fall due, he adopts payment made by such volunteer and, in that, constitutes him as his agent by recognizing the act. Perhaps, a court of equity might not in every case of such volunter and upon his application, decree a lien for the taxes. But where these taxes have been paid under an opinion that the person who paid them, owned the land, and when the true owners come into equity to examine that claim of ownership and to have it quieted, the rule that he asks equity must do it, strictly applies. *’
W. H. Polhamus, for Plaintiff.
L. T. Dennison, for Defendant,
It seems to us that the principle announced in this case, is applicable to the case under consideration, And, without further discussion, the decree of the court will be: that upon payment by the plaintiff to the defendant of the sum paid by him for taxes in 1898, with interest, and upon the payment of the costs of these proceedings, the title of the plaintiffs will be quieted as against the defendant.